[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, Dreamy Hollow Cooperative Apartments, Inc. (Dreamy Hollow) is a cooperative apartment complex located in Norwalk. According to its papers, Dreamy Hollow rejected an application to purchase a cooperative unit and the City of Norwalk Human Relations Commission (Norwalk HRC), after a hearing, determined the rejection was for an impermissible discriminatory reason, and directed Dreamy Hollow to approve the application to purchase.
Dreamy Hollow has filed a pleading entitled "Motion to Set Aside Administrative Ruling." Norwalk HRC has now filed a motion to dismiss.
In essence, Dreamy Hollow is seeking to appeal the adverse decision of the Norwalk HRC. However, Dreamy Hollow has not exhausted the administrative process. The Norwalk HRC and its actions are authorized by General Statutes §§ 7-148 (c)(9), and 7-148i through 7-148k. Any person who is aggrieved by a decision of the Norwalk HRC may appeal to the Connecticut Commission on Human Rights and Opportunities (CHIRO). Gen. Stat. § 7-148i. Since Dreamy Hollow has not appealed to the CHIRO, the Norwalk HRC argues that Dreamy Hollow has not exhausted its administrative remedies and this court has no subject matter jurisdiction over this case.
In response, Dreamy Hollow points to Section 59A-7 of the Norwalk Code of Ordinances which states as follows:
 "Any respondent or complainant aggrieved by a final order of the Commission or any complainant aggrieved CT Page 10776 by the dismissal of his complaint by the Commission may obtain a review of such order in a court of competent jurisdiction by filing with the Clerk of such court, within 30 days after service upon him of said order, a written petition in duplicate praying that such order be modified or set aside and by serving a duplicate copy of the petition on the Commission. The Commission shall then cause to be filed in said court a certified transcript of the record in the proceedings before it, including the pleadings, testimony and order."
Dreamy Hollow contends that this provision authorizes it to do exactly what it has done by filing its motion in this court.
The short answer is that a municipal ordinance cannot confer subject matter jurisdiction in the Superior Court. It appears that the Norwalk ordinance was adopted in 1978. The provisions of the General Statutes, noted above, providing for an appeal to CHRO were enacted in 1980, and the Norwalk ordinance has never been amended to reflect the current procedure. Gen. Stat. § 4-183 allows appeal to the Superior Court from an administrative agency action only when a person has "exhausted all administrative remedies available" and is aggrieved by a "final" agency action. Dreamy Hollow did not exhaust its administrative remedies because it failed to exercise its right to appeal under Gen. Stat. § 7-148i. Therefore, the court orders the case dismissed for lack of subject matter jurisdiction.
ADAMS, J.